**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **TERESA E.A. TEATER,**  )  <br>  )  <br>           Plaintiff,    )  <br>  )  <br>    v.            )  <br>  )  <br>**PFIZER, INC., and PARKE-DAVIS,**  )  <br>a division of Warner-Lambert Company,  )  <br>  )  <br>           Defendants.    )  <br>_____) | Case No. 3:05-cv-00604-HU  <br>  <br>**ORDER ADOPTING**  <br>**FINDINGS & RECOMMENDATION** |

**SIMON, District Judge.**

On June 27, 2012, U.S. Magistrate Judge Denis J. Hubel filed Findings and Recommendation (Dkt. 67) in this case. Judge Hubel recommended granting in part and denying in part Defendants' motion to dismiss (Dkt. 47). Specifically, Judge Hubel recommended denying the motion to dismiss as to Plaintiff's product liability claims based on theories of breach of warranty, negligence, and strict liability. He recommended granting the motion to dismiss as to Plaintiff's other claims: Plaintiff's RICO claim would be dismissed with prejudice, and Plaintiff's UTPA, common law fraud, unjust enrichment claims would be dismissed with

leave to amend within thirty days of Plaintiff's deposition of pharmaceutical representative Tina Marie Thompson.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). *De novo* review means that the court "considers the matter anew, as if no decision had been rendered." *Dawson*, 561 F.3d at 933.

Defendants timely filed objections (Dkt. 69), to which Plaintiff has responded (Dkt. 70). Neither party objects to Judge Hubel's recommendation regarding dismissal of the RICO claim. Defendants object to Judge Hubel's recommendations that their motion be denied as to the product liability claims and that Plaintiff be allowed leave to amend her fraud-based claims. The court has reviewed the objections and the response, as well as the Ninth Circuit's decision in *Motus v. Pfizer Inc.*, 358 F.3d 659 (9th Cir. 2004). In *Motus*, the Ninth Circuit agreed with the district court that, "on the facts of [that] case," the plaintiff had failed to establish the causation requirement of her product liability claim *at the summary judgment stage*. *Id.* at 660. *Motus* did not establish a special pleading requirement for pharmaceutical product liability cases. Plaintiff has sufficiently pleaded her product liability claims to survive a motion to dismiss. The issues raised in *Motus* can be properly addressed at the summary judgment stage, at trial, or in post-trial briefing.

After *de novo* review, the court ADOPTS Judge Hubel's Findings and Recommendation (Dkt. 67) for the reasons stated therein. Accordingly, the court GRANTS in part and DENIES in part Defendants' motion to dismiss (Dkt. 47). Plaintiff's RICO claim is dismissed with prejudice. Plaintiff's UTPA, common law fraud, and unjust enrichment claims are dismissed with leave to amend within thirty days of Plaintiff's deposition of pharmaceutical representative Tina Marie Thompson.

Dated this 29th day of August, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge